IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., MOON CAPITAL PARTNERS MASTER FUND LTD., and MOON CAPITAL MASTER FUND LTD., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A., BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BNP PARIBAS, S.A., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS BANK PLC, DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT SUISSE AG, STANDARD CHARTERED BANK, DBS BANK LTD., ING BANK, N.V., UNITED OVERSEAS BANK LIMITED, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, COMMERZBANK AG, AND JOHN DOES NOS. 1-50,<br><br>Defendants. | Docket No. 16-cv-05263 (AKH) |

[PROPOSED]
**ORDER APPROVING DISTRIBUTION OF THE NET SETTLEMENT FUNDS**

Representative Plaintiffs Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund, L.P., Moon Capital Partners Master Fund Ltd., and Moon Capital Master Fund Ltd. (collectively, "Representative Plaintiffs"), by and through their Counsel, Lowey Dannenberg, P.C. ("Plaintiffs' Counsel"), having applied for an order approving the distribution of the Net Settlement Funds of the Settlements previously approved in the above-captioned action (the "Action"); the Court having read and considered all materials and arguments submitted in support of Representative Plaintiffs' motion, including the Declaration of Jack Ewashko in Support of Representative Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants (the "Ewashko Declaration"), and the Memorandum in Support of Representative Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order adopts and incorporates the definitions in the Stipulations and Agreements of Settlement ("Settlement Agreements") filed in this Action in connection with the Settlements with (1) Citibank, N.A. and Citigroup Inc.; (2) JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; (3) Credit Suisse AG; (4) Deutsche Bank AG; (5) The Hongkong and Shanghai Banking Corporation Limited; (6) ING Bank N.V.; and (7) Australia and New Zealand Banking Group, Ltd., Bank of America, N.A., Barclays Bank PLC, BNP Paribas, S.A., Commerzbank AG, Crédit Agricole Corporate and Investment Bank, DBS Bank Ltd., MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.), Oversea-Chinese Banking Corporation Limited, The Royal Bank of Scotland plc (n/k/a NatWest Markets plc), Standard Chartered Bank, UBS AG, and United Overseas Bank Limited (collectively, the "Settling Defendants"), and all capitalized terms, unless

otherwise defined herein, have the same meanings as set forth in the Settlement Agreements or the Ewashko Declaration.

2. The Court has subject matter jurisdiction over this Action and over all parties to the Action, including all Claimants.

3. Representative Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants is **GRANTED**. Accordingly:

a. The administrative recommendations of the Court-approved Settlement Administrator, A.B. Data, Ltd. ("A.B. Data") to accept the Timely Eligible Claims set forth in Exhibit A to the Ewashko Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B to the Ewashko Declaration are approved.

b. A.B. Data's administrative recommendations to reject the Rejected Claims set forth in Exhibit C to the Ewashko Declaration are approved;

c. A.B. Data will calculate award amounts for all Authorized Claimants (Exhibits A and B to the Ewashko Declaration) as if the Net Settlement Funds were to be distributed now, after deducting all payments of fees and expenses incurred in connection with administering the Net Settlement Funds and previously approved by the Court, any estimated future payments for such fees and expenses, as well as any further payments for escrow fees, taxes, and costs of preparing appropriate tax returns, by calculating each Authorized Claimant's *pro rata* share of the Net Settlement Funds in accordance with the Court-approved Plan of Allocation (an Authorized Claimant's "Distribution Amount").

d. A.B. Data will then conduct a "Primary Distribution" of the Net Settlement Funds as follows:

i. Authorized Claimants whose Distribution Amounts are less than $500.00 will be paid $500.00 (the "Minimum Payment") in full.

ii. Authorized Claimants whose *pro rata* Distribution Amounts calculates to less than $20,000.00 will be paid in full.

iii. After deducting the payments to Authorized Claimants receiving the Minimum Payments and Authorized Claimants receiving less than $20,000.00, 90% of the remaining balances of the Net Settlement Funds will be distributed *pro rata* to Authorized Claimants whose Distribution Amounts calculate to $20,000.00 or more.

iv. The remaining 10% of the payments will be held in reserve (the "Reserve") to address any contingencies that may arise after the distribution with respect to claims and/or to pay for any future fees or expenses incurred in connection with administering the Net Settlement Funds that are authorized by the Court, as well as any further escrow fees, taxes, and the cost of preparing appropriate tax returns. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distribution(s) of these Settlements.

e. To encourage Authorized Claimants to promptly deposit distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear the notation, **"CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."** A.B. Data is authorized to take appropriate action to locate and/or contact any Authorized Claimant who or which has not negotiated his, her, or its payment within said time, as detailed in paragraph 44 of the Ewashko Declaration.

f. Authorized Claimants who or which do not negotiate their Primary Distribution payments (or subsequent distribution payments should such distributions occur) within the time allotted will irrevocably forfeit all recovery from the Net Settlement Funds. The funds allocated to all such un-negotiated payments will be available for redistribution to other Authorized Claimants, if Plaintiffs' Counsel, in consultation with A.B. Data, determines that it is cost-effective to conduct a subsequent distribution.

g. After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their payments, A.B. Data shall, if Plaintiffs' Counsel, in consultation with A.B. Data, determines that it is cost-effective to do so, conduct a second distribution (the "Secondary Distribution"), pursuant to which any amount remaining in the Net Settlement Funds after the Primary Distribution (including the Reserve and any funds from void, stale-dated, or returned checks or failed wire transfers), after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlements for which it has not yet been paid (including estimated costs of such Secondary Distribution, subject to Court approval), escrow fees, taxes, and the costs of preparing appropriate tax returns. The Secondary Distribution, if it occurs, would be distributed to all Authorized Claimants from the Primary Distribution that: (a) have a Distribution Amount of $20,000.00 or more; (b) negotiated their first distribution payments; and (c) who are entitled to at least $500.00 from such redistribution based on their *pro rata* share of the remaining funds.

h. Additional distributions, after deduction of costs and expenses, as described above and subject to the same conditions, may occur thereafter until Plaintiffs' Counsel, in consultation with A.B. Data, determines that further redistribution is not cost-effective.

4.      Unless otherwise ordered by the Court, no Claim Forms received after June 12, 2023 may be accepted for payment from the Settlements, and no further adjustments to Claim Forms received on or before June 12, 2023 may be made for any reason.  All Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are hereby released and discharged from any and all claims arising from such involvement, and all Class Members, regardless whether they receive payment from the Net Settlement Funds, are hereby banned from making any further claims against the Net Settlement Funds, Representative Plaintiffs, Plaintiffs' Counsel, the Settlement Administrator, the Escrow Agent, or any other agent retained by Representative Plaintiffs or Plaintiffs' Counsel in connection with the administration or taxation of the Settlement Funds or the Net Settlement Funds, or any other person released pursuant to the Settlement Agreements, beyond the amounts allocated to Authorized Claimants.

5.      Unless otherwise ordered by the Court, the Settlement Administrator shall destroy the paper and electronic copies of Claim Forms and all supporting documents one year after (a) all funds have been distributed in connection with Settlements with Settling Defendants and any subsequent settlements that may be reached in this Action; and (b) the Action has finally terminated.

6.      The Settlement Administrator may be paid up to an additional $75,000.00 from the Settlement Funds for estimated fees and expenses expected to be incurred in connection with the distribution of the Net Settlement Funds.  Any costs or expenses in excess of $75,000.00 may be paid from the Settlement Fund upon approval of the Court.

7. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements with Settling Defendants, and such other further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Signed this 20 day of July, 2023.

Honorable Alvin K. Hellerstein
United States District Judge